STATE v. C. J. MARSH.

(Filed 2 April, 1913.)

1. Railroads — Principal and Agent — False Pretense—Indictment Sufficient—Evidence—Interpretation of Statutes.

Where a railroad agent is charged with obtaining money under false pretense by falsely representing to his company that it was necessary for him to employ a hand at his station at $25 per month, and who, in order to get the money, signed the company's check in the name of the supposed hand, sending it on to the bank for collection and taking the money from his cash receipts, proof of these allegations is sufficient to sustain the charge in the indictment and convict of the offense, under Revisal, sec. 3432, for the charge is sufficiently stated if it is expressed in a plain, intelligible, and explicit manner, and sufficient matter appear to enable the court to proceed to judgment. Revisal, sec. 3254.

2. Principal and Agent—False Pretense—Extra Work—Evidence— Ability to Repay—Felonious Intent.

Where an agent falsely represents to his principal that he had employed another in his service at a certain price, and obtains money on a check sent for his payment, it is no defense

that the agent did the required work himself, after hours, and took the money in compensation for his own services; nor is evidence of the value of this extra work or of the agent's ability to repay, competent.

APPEAL by defendant from *Peebles, J.,* at July Term, 1912, of UNION.

*Attorney-General Bickett and Assistant Attorney-General Calvert, John D. Shaw, and Murray Allen for the State.*
*Osborne, Cocke & Robinson, Williams, Love & McNeeley, Lemmond & Vann, J. J. Parker, J. C. Brooks, for defendant.*

CLARK, C. J. The defendant was convicted of obtaining money under false pretenses. He was railroad station agent at Marshville, N. C. In October, 1907, he wrote to the superintendent of the railroad company, asking for additional help and in November, 1907, the superintendent replied; authorizing him to put in a station hand at $25 per month. The defendant as station agent sent in a report for the month of July, 1908, of the persons employed at that station which showed that George Thomas, station hand, had been employed for that month, and that $25 was due him by the railroad. On 5 August the railroad company sent defendant its check, payable to the order of George Thomas, for $25 in full for services rendered as porter during the month of July, 1908. This check the defendant returned to the railroad company, indorsed by "George Thomas, his mark, J. C. Marsh, witness," and further indorsed, "Indorsement guaranteed. J. C. Marsh, agent A. C. L. R. R." Across the face of the check is perforated the word "Paid."

The testimony of the officers and the employees of the railroad is that they relied on the report of the defendant, as agent at Marshville station, that Thomas had been employed there as a laborer for the month of July, and on the genuineness of the indorsement of the check as guaranteed by the defendant. It was further in evidence, and was also admitted by the defendant, that George Thomas was not regularly employed as a laborer at Marshville station during July, 1908, and that no station hand was regularly employed there at that time.

George Thomas testified that he was not a station hand at Marshville in July, 1908, nor at any other time; that he did not make his mark on the check and did not authorize the defendant to do so, nor to witness it. He further testified that the defendant never gave him a check to pay for his services; that sometimes he carted for Marsh a day at a time, cannot say exactly how many days in a month, but not many; that his work during a month amounted probably to two or three dollars; that he did not unload freight and never swept out the depot or carried mail. The defendant testified that he did not deliver the check to Thomas; that Thomas did not sign the check nor put his mark there. He admitted that he had sent in a report that Thomas had earned $25 for the month of July. From his testimony his excuse seems to be that he and one Davis, the telegraph operator, did some extra work for the company, and he took the pay which he had falsely reported that Thomas was earning and divided it between them. This, if true, is no defense.

Revisal, 3432, eliminating duplicating words and stating the kind of false pretense charged in this case, provides: "If any person shall knowingly, designedly, by . . . any false pretense whatever obtain from any person or corporation . . . any money, property, or check . . . with intent to cheat and defraud any person . . . he shall be guilty of a felony." The evidence fully sustained a conviction of this offense.

The defendant took 49 exceptions, which in his brief counsel reduces to 10 points, by grouping exceptions which embrace the same propositions and by omitting others. The defendant's first proposition is that the obtaining of the check by virtue of false pretenses was not embraced in the allegations of the bill. The allegations of the bill are that the defendant, being station agent for the railroad company and authorized by them to employ a laborer at his station, feloniously, wickedly, etc., intending to cheat and defraud, did falsely pretend to said railroad company that George Thomas was employed as a laborer at Marshville station by him under the authority of the railroad company, and that Thomas had labored at Marshville station

during the month of July, 1908, and that there was due said
George Thomas for said month of July for his services $25, and
that the defendant had paid the said George Thomas $25, and
that the check issued by the railroad company, payable to said
Thomas for the month of July, 1908, had been indorsed by
George Thomas, and that the defendant had witnessed the in-
dorsement by him of the said check, which pretenses were false,
calculated and intended to deceive the said railroad company,
and did deceive them; that in truth Thomas was not employed
as a laborer at that station during the month of July; that
there was not due him the sum of $25 for services rendered;
that defendant did not pay him the $25; that the check had not
been indorsed by Thomas; that Marsh had not witnessed it, and
by color and means of said false pretense the defendant re-
ceived money, property, and credit in the sum of $25 by col-
lecting the said check, which he appropriated to his own use,
with the intent to cheat and defraud the said railroad com-
pany. This in substance is the charge in the bill of indictment,
rejecting surplusage and formal expressions. The check was
property. Its proceeds were money. If defendant had money
of the railroad in his hands, the retention of $25 to pay to him-
self was obtaining credit or "a thing of value." The allega-
tions of the bill sufficiently and fully charged "false pretense."

Revisal, 3254, provides: "Every criminal proceeding, by
warrant, indictment, information, or impeachment, shall be suf-
ficient in form, for all intents and purposes, if it express the
charge against the defendant in a plain, intelligible, and explicit
manner; and the same shall not be quashed, nor the judgment
thereon stayed, by reason of any informality or refinement, if
in the bill of proceeding sufficient matter appear to enable the
court to proceed to judgment." This indictment, however, is
not informal, but is well drawn under Revisal, 3432. It may
be that, taking certain portions of the evidence and omitting
other portions, that the evidence would sustain an indictment
for embezzlement. But that is immaterial to be considered.
False pretense is sufficiently charged, and the evidence fully
supported the verdict of the jury. Indeed, if the facts proven.

S. v. MARSH.

had shown that the defendant was also guilty of larceny, Revisal, 3432, provides that the defendant shall not on that account be acquitted. Whether the facts charged and proven constitute larceny, false pretense, or embezzlement, the punishment is the same. The only material question is, Did the defendant commit the acts charged, and if so, was it a violation of law, and is the sentence within the punishment prescribed for such violation?

The chief clerk in the pay department of the railroad company testified that he paid this check in cash 21 August; that defendant had placed the check in bank at Wilmington to his individual credit, and, in corroboration, produced the check with the indorsement of the bank. The defendant testified he sent the check to the bank for credit of the railroad company, and retained in lieu thereof $25 of cash he had collected for freight. The difference is immaterial. In either event there was the same false pretense by which he obtained $25 of the railroad's money, whether the check was cashed by the pay clerk, by the bank, or by the defendant out of the funds of the railroad company in his hands.

We cannot sustain the defendant's contention that he "did not obtain anything whatever" by his false pretense. Nor his proposition that the failure of the defendant to keep his manner of dealing hidden from the railroad company tended strongly to prove the absence of any felonious intent. The evidence is that the officials of the company were not aware of the facts, except the detective, and when or how he obtained information does not appear. There is no evidence that he condoned the offense or was authorized to do so. It may well be that the detective procured his information when he unearthed and exposed the fraud.

The question of intent was correctly submitted to the jury. The question of the defendant's solvency could not be pertinent upon the facts as charged in this case. Nor did the judge err in excluding evidence of the value of the amount of extra work done by the defendant, if any. The false pretense consisted in the false representations that George Thomas had been em-

ployed, that he had rendered one month's full service for which there was due him the sum of $25, and obtaining thereupon the check of the company in favor of Thomas, whose mark was falsely asserted to have been made by him on the back of the check, and the collection by this means, for the use of the defendant, of said $25.

We have examined very fully the indictment, the evidence, the admissions of the defendant, and the charge of the court and the exceptions. We find

No error.